IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONORIO R. MALLARI, | ) Case No. 12-2876-SC |
| Plaintiff, | ) ORDER TO SHOW CAUSE |
| v. | ) |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, et al., | ) |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff Honorio R. Mallari ("Plaintiff") is hereby ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject-matter jurisdiction. For the reasons set forth below, the Court is doubtful that Plaintiff's Complaint, ECF No. 1 ("Compl."), supplies a basis for federal-question jurisdiction under 28 U.S.C. § 1331, or for diversity jurisdiction under 28 U.S.C. § 1332.

## II. DISCUSSION

"[A] challenge to federal subject-matter jurisdiction cannot be waived and may be raised at any time." Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc., 185 F.3d 978, 981 n.3 (9th Cir. 1999). Federal courts may raise the issue of subject-matter jurisdiction on their own initiative. See Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party invoking the court's subject-matter jurisdiction -- here, Plaintiff -- bears the burden of showing that it exists. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

On June 4, 2012, Plaintiff filed his Complaint in federal court. ECF No. 1 ("Compl."). The Complaint asserts six claims: (1) quiet title; (2) declaratory relief; (3) injunction; (4) cancellation of instruments; (5) fraud; and (6) unjust enrichment. In addition to setting forth Plaintiff's claims, the Complaint was required to provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The Court's Civil Local Rules also require the Complaint to "include a separate paragraph entitled 'Jurisdiction'" which "identif[ies] the statutory or other basis for federal jurisdiction and the facts supporting such jurisdiction." Civ. L.R. 3-5(a). As explained below, Plaintiff, who is represented by counsel, has not fully complied with these requirements. Consequently, the Court is unable to conclude that it may exercise subject-matter jurisdiction over this case.

Plaintiff suggests two possible statutory bases for subject-matter jurisdiction: federal-question jurisdiction under § 1331 and diversity jurisdiction under § 1332. As to federal-question jurisdiction, Plaintiff suggests that it may be exercised pursuant to 12 U.S.C. § 2601 et seq., the Real Estate Settlement Procedures Act ("RESPA"). Compl. ¶ 4. Plaintiff is incorrect. The Complaint asserts six state-law claims but no RESPA claim, and therefore the face of the Complaint does not give rise to a federal question. Plaintiff alludes to RESPA violations in his pleading, e.g., id. ¶

2

28, but by declining to assert a claim based on these purported violations, Plaintiff has declined to make potential RESPA violations a possible ground for federal-question jurisdiction. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").

Plaintiff also suggests that the diversity statute, § 1332, provides subject-matter jurisdiction in this case. Compl. ¶ 3. However, his factual allegations do not support jurisdiction on that ground, either. As a preliminary matter, the Court notes that Plaintiff is required only "to allege (not to prove) diversity," Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001), and that his allegations pertaining to jurisdiction, like his allegations pertaining to liability, are entitled to the presumption of truth, Harris v. Rand, 682 F.3d 846, 850-51 (9th Cir. 2012). However, mere conclusory statements that the jurisdictional requisites have been satisfied do not suffice. Fed. R. Civ. P. 8(a)(1); cf. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (rejecting conclusory jurisdictional allegation). On the contrary, "[a]bsent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857. In cases such as this one, where the allegations are implausible or otherwise doubtful, the Court may require the party asserting jurisdiction -- here, Plaintiff -- to establish the jurisdictional facts by a preponderance of the evidence. Harris, 682 F.3d at 851.

The Court looks first at the allegations pertaining to Plaintiff's citizenship. Plaintiff alleges that he is a "resident" of a California county and the owner of real property located there. Compl. ¶ 5. Citizenship, however, is different from "residency," and the diversity jurisdiction statute is concerned only with the former. Kanter, 265 F.3d at 857. State citizenship depends on both national citizenship and "domicile" within a state (the latter being distinct from "residence"). Id. Consequently, alleging "residency" in a state is insufficient to allege citizenship. See id. And failure to allege citizenship is fatal to the assertion of diversity jurisdiction. Id. at 857-58. In short, Plaintiff has not established his California citizenship, as that term is used in the context of diversity jurisdiction.

Turning to Defendants, each is a business entity. Plaintiff alleges that Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") "is a nationally chartered bank." Compl. ¶ 6. But with respect to the other three defendants, Plaintiff has failed to allege the form of business entity or any other fact which could identify their state citizenship. See id. ¶¶ 7-9. The Court is particularly troubled by Plaintiff's failure to identify the citizenship of Defendant California Reconveyance Company, whose name alone strongly suggests California citizenship. Id. ¶ 7. This, combined with the suggestion that Plaintiff may be a California citizen, gives the Court reason to doubt that the jurisdictional requirement of complete diversity of citizenship is satisfied in this case. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Dolch v. United California Bank, 702 F.2d 178, 181 (9th Cir. 1983). Plaintiff must allege the state citizenship of each defendant.

Assuming that Plaintiff means to allege his own California citizenship, to establish diversity he must also allege which form of business each Defendant is, as well as the relevant facts that make that Defendant a citizen of a state other than California.

### III. CONCLUSION

For the reasons set forth above, Plaintiff is hereby ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of subject-matter jurisdiction.

No hearing shall be held in this matter. Plaintiff, as well as any named Defendant, may submit a brief of not more than four (4) pages, exclusive of supporting declarations or exhibits, in support of or opposing the Court's exercise of subject-matter jurisdiction in this case. Such briefs are due within ten (10) calendar days of the signature date of this Order to Show Cause. Defendants may submit a brief but are not required to do so. If Plaintiff, however, does not timely submit a brief, the Court shall dismiss this case for lack of subject-matter jurisdiction. Plaintiff is reminded that his filings must be made through the Court's electronic filing system, see Civ. L.R. 5-1(b), and must otherwise comply with the Court's Civil Local Rules.

IT IS SO ORDERED.

Dated: September 20, 2012

UNITED STATES DISTRICT JUDGE