IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONORIO R. MALLARI, | ) Case No. 12-2876-SC |
| | ) |
| Plaintiff, | ) ORDER DISMISSING CASE |
| | ) |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, et al., | ) ) ) |
| Defendants. | ) ) |

On September 20, 2012, the Court ordered Plaintiff Honorio R. Mallari ("Plaintiff") to show cause why this case should not be dismissed for lack of subject-matter jurisdiction. ECF No. 26 ("OSC"). The Court gave Plaintiff ten calendar days to file a brief in response and warned him that failure to timely respond would result in dismissal. Id. On October 1, 2012, Plaintiff timely filed a response. ECF No. 27 ("Response"). In it, Plaintiff -- apparently conceding that diversity jurisdiction is not present here -- argues that the Court has subject-matter jurisdiction under 12 U.S.C. § 2614. That statute confers subject-matter jurisdiction on the federal courts for certain violations of the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 et seq. Plaintiff argues that § 2614 gives this Court

subject-matter jurisdiction because Plaintiff's complaint contains allegations of RESPA violations, specifically, of § 2605. Response at 1-2 (citing ECF No. 1 ("Compl.") ¶¶ 27-29).

    Not only is Plaintiff incorrect, but his argument ignores specific guidance given in the Court's OSC. The Court explained there that Plaintiff could not rely on conclusory allegations of RESPA violations to confer subject-matter jurisdiction because Plaintiff does not formally assert a RESPA claim. OSC at 2-3. There is a difference between alleging as a factual matter that a statute has been violated and asserting a legal claim to relief for that violation. Only the latter can support federal subject-matter jurisdiction, see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), but Plaintiff has done only the former. Moreover, merely conclusory legal allegations of the type Plaintiff points to in his Response are insufficient to state a viable federal claim. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

    If the Court thought Plaintiff could amend his Complaint to adequately allege proper grounds of federal jurisdiction, the Court would give Plaintiff leave to do so. But the allegations of RESPA violations cited by Plaintiff in his Response would not, if set forth as a claim, assert a viable cause of action. Plaintiff alleges, in essence, that he sent a qualified written request to his loan servicer under § 2605(e) and that he received a timely but purportedly incomplete response which did not inform Plaintiff of the identity of the owner of his loan. Compl. ¶¶ 27-30. These allegations are factually complete, but they fail to state a claim as a matter of law because, assuming Plaintiff could show actual damage "resulting from Plaintiff's lack of knowledge as to the

owner of [his] loan," such a showing would not be "plausibly related to [his] RESPA claim, because § 2605 relates only to the servicing of a loan, not to its ownership or validity." <u>Tamburri v. Suntrust Mortg., Inc.</u>, --- F. Supp. 2d ---, 2012 WL 2367881, at *4 (N.D. Cal. 2012).  Amendment would therefore be futile, because Plaintiff's well-pleaded allegations do not give rise to a cognizable cause of action.  In the absence of a federal cause of action, the Court would decline to exercise supplemental jurisdiction over Plaintiff's remaining claims.  28 U.S.C. § 1367(c)(3).

Accordingly, the Court hereby DISMISSES the above-captioned case for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

Dated: October 3, 2012

UNITED STATES DISTRICT JUDGE